UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY RAY WEEKS,
    Petitioner,

v.                                Case No. 8:18-cv-3035-KKM-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Jerry Ray Weeks, a Florida prisoner, timely[1] filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his state court conviction based on an alleged due process violation and failings of his trial counsel. (Doc. 1.) Having considered the petition (*id.*), the supporting memorandum and appendix (Docs. 2 & 3), the response

---

[1] A state prisoner has one year from the date his judgment becomes final to file a § 2254 petition. *See* § 2244(d)(1). This one-year limitations period is tolled during the pendency of a properly filed state motion seeking collateral relief. *See* § 2244(d)(2). Weeks did not appeal his conviction and sentence, which were entered on January 10, 2017. Therefore, his judgment became final on February 9, 2017, upon expiration of the 30-day period to appeal. *See Sadler v. State*, 141 So.3d 1266, 1268 (Fla. 1st DCA 2014) ("If no direct appeal is taken, a judgment and sentence become final after the 30-day period for filing an appeal has expired."). Two hundred and sixty-nine days of untolled time elapsed before Weeks filed his motion for postconviction relief on November 6, 2017. The postconviction motion remained pending until the state appellate court issued its mandate on November 13, 2018. Another 29 days of untolled time passed before Weeks filed his § 2254 petition on December 13, 2018. Therefore, a total of 298 days of untolled time elapsed, and the petition is timely.

in opposition (Doc. 11), Weeks's reply (Doc. 13), and Weeks's notice of supplemental authority (Doc. 14), the Court denies the petition. Furthermore, a certificate of appealability is not warranted.

I.   BACKGROUND

The State of Florida charged Weeks with one count of sexual battery by a person 18 years of age or older on a person less than 12 years of age. (Doc. 12-2, Ex. 1.) Weeks agreed to plead guilty to lewd molestation of a person less than 12 years of age in exchange for a sentence of 25 years in prison followed by lifetime probation as a sexual predator. (*Id.*, Exs. 5, 6 & 9.) The state trial court sentenced Weeks in accord with the negotiated plea agreement. (*Id.*, Exs. 8 & 9.) Weeks did not appeal the judgment and sentence. The state postconviction court summarily denied Weeks's motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (*Id.*, Ex. 10.) The state appellate court per curiam affirmed the denial. (*Id.*, Ex. 13.)

II.  STANDARD OF REVIEW UNDER SECTION 2254

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d)

provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of § 2254(d)(1), a decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The phrase "clearly established Federal law" encompasses the holdings only of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Id.* at 412. A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

For purposes of § 2254(d)(2), a state court's findings of fact are presumed correct. *See Rolling v. Crosby*, 438 F.3d 1296, 1301 (11th Cir. 2006) ("The factual findings of the

state court, including the credibility findings, are presumed to be correct . . . ."). A petitioner can rebut the presumption of correctness afforded to a state court's factual findings only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694. As a result, to obtain relief under the AEDPA, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that "[t]he state court's application of clearly established federal law must be objectively unreasonable" for a federal habeas petitioner to prevail and that the state court's "clear error" is insufficient).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). When the relevant state-court decision is not accompanied with reasons for the

decision—such as a summary affirmance without discussion—the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Id.* The state may contest "the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision . . . ." *Id.*

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Weeks brings one claim for ineffective assistance of trial counsel under the Sixth Amendment. Under the well-known, two-part standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed, he must show both deficient performance by his counsel and prejudice resulting from those errors. *Id.* at 687.

The first part "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The lynchpin of this analysis is whether counsel's conduct "was reasonable considering all the circumstances." *Id.* at 688. A petitioner establishes deficient performance if "the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's

5

conduct." *Id*. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

The second part requires showing that the deficient performance prejudiced the defense. *Id.* at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Because he entered a plea, to demonstrate prejudice, Weeks "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Consequently, federal petitioners rarely prevail on claims of ineffective assistance of counsel because "[t]he standards created by *Strickland*

6

and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (quotation and citations omitted).

## IV. ANALYSIS

### A. Ground One

Weeks contends that he was convicted of an uncharged crime in violation of his federal due process rights. The State filed an information charging Weeks with sexual battery by a person 18 years or older on a person less than 12 years of age under § 794.011, Fla. Stat., a capital offense. (Doc. 12-2, Ex. 1.) Weeks entered a negotiated plea to the offense of lewd molestation of a person less than 12 years of age under § 800.04, Fla. Stat. (Doc. 12-2, Exs. 6, 9.)[2]

Weeks asserts that "the charging document wholly failed to allege essential elements of the crime of conviction." (Doc. 1, p. 5.) Weeks states that when he entered the plea, he "was informed that this lesser crime was necessarily committed by committing a Sexual Battery" but that he later learned "the crime of Lewd or Lascivious Molestation was found by the Florida Supreme Court to not always be committed via commission of a Sexual Battery and that, as a result, was not a lesser-included offense thereof." (*Id.*); *see Roughton v. State*, 185 So.3d 1207, 1210 (Fla. 2016) (noting that "the conduct constituting capital

---

[2] It does not appear that the State filed an amended information reflecting the charge to which Weeks pleaded guilty.

7

sexual battery will as a practical matter ordinarily—if not always—also constitute lewd or lascivious molestation" but holding that as a matter of statutory construction for double jeopardy purposes, "[c]apital sexual battery (like any other sexual battery) and lewd or lascivious molestation do not require identical elements of proof and are not degrees of the same offense as provided by statute. Nor is one a lesser included offense of the other.").

Weeks waived this claim by pleading guilty. Since a guilty plea waives non-jurisdictional defects, a petitioner who enters a plea can challenge only the plea's knowing and voluntary nature. Entry of a plea therefore precludes most challenges to the conviction. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding that, after a criminal defendant enters a guilty plea, he "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within" the range of competence for criminal attorneys); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) ("[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."); *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings."); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992)

("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.").

Weeks has not established an error that deprived the state court of jurisdiction over his case. Although the failure of a charging document to charge a crime in violation of the law "constitutes a jurisdictional defect and therefore may be raised at any time . . . not all defects in the [charging document] deprive" a court of jurisdiction. *United States v. Palma*, 693 F. App'x 820, 822 (11th Cir. 2017) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002) and *United States v. Izurieta*, 710 F.3d 1176, 1179 (11th Cir. 2013)).

Here, because the information charged Weeks with committing a felony in Florida, the state circuit court had subject matter jurisdiction over his case. *See* Art. V, § 20(c)(3), Fla. Const. (providing that circuit courts "shall have exclusive original jurisdiction . . . of all felonies"); § 26.012(2)(d), Fla. Stat. (same). Accordingly, jurisdiction is proper in a state circuit court if a prosecutor files a charging instrument charging a defendant with committing a felony in Florida. *See Carbajal v. State*, 75 So.3d 258, 262 (Fla. 2011) (explaining that subject matter jurisdiction is the "[p]ower of a particular court to hear the type of case that is then before it or jurisdiction over the nature of the cause of action and relief sought" and stating that "[b]ecause the information filed in this case charged Carbajal

9

with multiple felonies, the circuit court had subject matter over Carbajal's case" despite an alleged defect in the charging document) (internal quotation marks and citations omitted).

Weeks does not allege or establish any error in the information that the State filed. And even assuming he had, any such error would not necessarily have deprived the state court of jurisdiction. *See Palma*, 693 F. App'x at 823 (stating that even though the charging document omitted an element of the charged offense, it nevertheless "properly charged Palma with a criminal offense against the laws of the United States and empowered the district court with jurisdiction" (citing *Brown*, 752 F.3d at 1353)). Weeks has not shown that the state circuit court lacked jurisdiction over his case due to any error in the charging document.

Nor has Weeks established that the state court was divested of jurisdiction when he agreed with the State to plead guilty to a less severe offense in exchange for a negotiated sentence. As addressed, Weeks's plea resulted in the waiver of any claim of error that did not deprive the state court of jurisdiction. *See, e.g.*, *Tollett*, 411 U.S. at 267; *Broce*, 488 U.S. at 569; *Patti*, 337 F.3d at 1320; *Wilson*, 962 F.2d at 997.

Additionally, while Weeks claims he was under the misimpression that the offense to which he pleaded guilty was a necessarily-included lesser offense of the charged crime, he does not contend within Ground One that any such misunderstanding rendered his plea involuntary. The record supports the conclusion that the plea was voluntary. The standard

for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). Weeks's statements at the change of plea hearing are presumed true. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at a [change of plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the [plea] colloquy are true.").

At the change of plea hearing, Weeks acknowledged reviewing the plea form with his attorney and having the opportunity to ask his attorney about the form and about any defenses; stated that he understood the charged offense, the offense to which he was pleading guilty, and the negotiated sentence he would receive; stated that he was not coerced or threatened into accepting the plea and that no one promised him anything other than what was in the plea form; and stated that he understood he was waiving numerous constitutional rights by pleading guilty. (Doc. 12-2 Ex. 5, pp. 3-7.) The trial court found the plea to be free, voluntary, and knowing. (*Id.*, p. 11.) Accordingly, Weeks waived the argument raised in Ground One by pleading guilty.

11

Finally, even assuming that the claim is not waived by Weeks's plea, he fails to show entitlement to relief under the AEDPA.[3] The state postconviction court rejected Weeks's claim. It found that "the Defendant and the State both stipulated the charge would be reduced to a stipulated lesser of lewd molestation of a victim less than 12 years of age. As a stipulated lesser offense, the State was not required to charge such an offense in the information." (Doc. 12-2, Ex. 10, appellate record p. 42.) Weeks has not met his burden of showing that this decision was contrary to or involved an unreasonable application of clearly established federal law, which encompasses only the holdings of the Supreme Court of the United States as of the time of the relevant state court decision. *Williams*, 529 U.S. at 412. Weeks has not identified any Supreme Court decisions holding that a federal due process violation occurs when the government and a criminal defendant enter into a

---

[3] Respondent contends the federal due process claim was not properly exhausted in state court because Weeks did not present it on direct appeal or raise its federal nature in his postconviction motion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The Court disagrees. Weeks properly raised this claim in his state postconviction motion. Weeks raised the federal nature of his due process claim in his motion and on appeal. (Doc. 12-2 Ex. 10, appellate record pp. 9, 12-13; Ex. 11, p. 6.) Generally, claims that may be raised on appeal cannot be raised in postconviction proceedings in Florida. *See Teffeteller v. Dugger*, 734 So.2d 1009, 1016 (Fla. 1999). But before a federal court can find a claim barred from § 2254 review because the petitioner did not present it in state court in accord with state law procedures, the state court must have expressly stated that it relied on a state procedural rule to resolve the federal claim. *See Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). The state court did not find that Weeks's federal due process claim was improperly raised in postconviction proceedings or resolve the claim based on a violation of state procedural rules. (Doc. 12-2, Ex. 10, appellate record p. 42.)

12

negotiated plea agreement under circumstances materially indistinguishable from the facts of his case. *See id.* at 413.

Weeks does not show that the state court's denial of his federal due process claim was contrary to or involved an unreasonable application of clearly established federal law. He is not entitled to relief on Ground One.

### B. Ground Two

Weeks contends that his trial counsel was ineffective for misadvising him that he would be eligible for gain time and asserts that he relied on counsel's alleged misadvice in deciding to plead. Weeks claims that he "weighed his advanced age[4] and ailing health against his anticipated early release date with said gain time earned and decided that such time would allow him to be released from prison with a few years of his life left to live out the remainder of his years with his friends and family." (Doc. 1, p. 7.) Weeks asserts that he would not have entered the plea if not for his attorney's alleged misadvice. The Court construes this claim as asserting that counsel's alleged misadvice rendered Weeks's plea involuntary and unknowing to the extent Weeks did not understand the consequences of entering the plea.[5]

---

[4] Weeks stated at the change of plea hearing that his birth date is March 17, 1952. (Doc. 12-2, Ex. 5, p. 3.)

[5] Within his postconviction claim alleging ineffective assistance of trial counsel, Weeks asserted that his plea was not voluntary or knowing. (Doc. 12-2, Ex. 10, appellate record p. 23.)

The Department of Corrections "is authorized to grant deductions from sentences in the form of gain-time in order to encourage satisfactory prisoner behavior, to provide incentive for prisoners to participate in productive activities, and to reward prisoners who perform outstanding deeds or services." § 944.275(1), Fla. Stat. Weeks claims that after he was taken into the custody of the Department of Corrections, he learned that he is not eligible for gain time since he is serving a sentence for an offense committed after 2014. *See* § 944.275(4)(e), Fla. Stat. (providing that the Department of Corrections "may not grant incentive gain-time" towards a sentence for a violation of § 800.04, Fla. Stat., that was committed on or after October 1, 2014).[6]

Respondent agrees that Weeks exhausted this claim in his postconviction proceedings. The state postconviction court denied this claim, finding that the record defeated Weeks's assertion that he relied on counsel's alleged misadvice in entering the plea. (Doc. 12-2, Ex. 10, appellate record pp. 43-44.) Noting that Weeks "acknowledges counsel informed him she was unable to promise exactly how much gain time he would receive, and could not tell him exactly how much time he would serve in prison," the state court recognized that Weeks's "claim of affirmative misadvice rests solely on the *eligibility*

---

[6] Weeks attaches a response to a Department of Corrections inmate request form informing him that he is "eligible only for meritorious gain time." (Doc. 3, doc. p. 46.); *see* § 944.275(4)(c), Fla. Stat. (providing that an inmate "who performs some outstanding deed" may receive meritorious gain time of up to 60 days).

14

of gain time." (Doc. 12-2, Ex. 10, appellate record p. 43.) (emphasis in original).[7] That court found Weeks's claim refuted by paragraph 20 of the change of plea form that he signed, (*id.*), which stated:

> 20. I understand that any representation by my attorney or any one else as to the amount of gain time I may earn on my sentence or as to how much of my sentence I will actually serve is only an estimate and is not a promise or guarantee. I understand that this plea agreement is not contingent upon any such representation and that I will not be able to withdraw from this agreement or otherwise challenge my conviction or sentence, if the representation is in fact inaccurate or incorrect.

(Doc. 12-2, Ex. 6, p. 4.)[8]

Weeks has not shown entitlement to relief under the AEDPA. The state court noted that Weeks alleged "he relied upon counsel's advice that he would not have to serve the entire 25 year prison sentence, as he would be eligible for gain time" and that he claimed he would not have entered into the plea agreement "had he learned he was not eligible to earn gain time." (Doc. 12-2, Ex. 10, appellate record p. 43.) The court found that the plea

---

[7] Similarly, Weeks argues in support of his § 2254 claim that the plea form "only concerned misrepresentations regarding the percentage of time to be earned or the number of days by which a sentence can be reduced, but did not address affirmative misadvice concerning overall eligibility thereof." (Doc. 2, p. 14.)

[8] Although Weeks told the state trial court during the change of plea colloquy that no one promised him anything not contained in the change of plea form, the state postconviction court found that this general representation about promises did not refute Weeks's ineffective assistance claim about the specific issue of gain time under *State v. Leroux*, 689 So.2d 235 (Fla. 1996) and *Siner v. State*, 876 So.2d 688 (Fla. 5th DCA 2004).

15

agreement "conclusively refute[d]" Weeks's claim. (*Id.*, appellate record p. 44.) The court found that by entering the plea, Weeks "acknowledged any statement by his attorney regarding how much time he would serve was only an estimate, and was not a promise or guarantee" but that "[t]he claim now alleges it was solely on such a representation, that he entered into this agreement." (*Id.*) The state court determined that paragraph 20 of the form was "directly on point with the Defendant's contention regarding the amount of time he would serve" and reiterated that Weeks "acknowledged that his entry of the plea was not contingent upon any statement or representation regarding the amount of time he would actually serve, or as to any amount of gain time he may possible [sic] earn." (*Id.*)

Thus, the state court concluded that the form's references to any representations about "the amount of gain time" and "how much of [his] sentence [he] will actually serve" include advice about whether Weeks was eligible to accrue any amount of gain time. The state court's conclusion that the plea form encompassed advice on Weeks's eligibility for gain time was not an unreasonable determination of fact. Thus, the plea form supports the state court's denial of Weeks's claim that counsel's alleged misadvice rendered his plea involuntary or unknowing.

To meet his heavy burden under the AEDPA, Weeks must show that the state court's decision under *Strickland* was unreasonable, which involves a substantially higher threshold than showing that the decision was incorrect. *Mirzayance*, 556 U.S. at 123; *see*

16

also *Virginia v. LeBlanc*, __ U.S. __, 137 S.Ct. 1726, 1728 (2017) ("In order for a state court's decision to be an unreasonable application of [the Supreme] Court's case law, the ruling must be objectively unreasonable, not merely wrong; even clear error will not suffice.") (internal quotation marks and citation omitted). Weeks does not demonstrate that the state court's rejection of his *Strickland* claim was unreasonable under this standard.⁹

Additionally, a state court's determination of fact is presumed correct and a petitioner can rebut the presumption of correctness only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A petitioner cannot rebut the presumption of correctness by presenting evidence not presented to the state court. The Supreme Court has held that review under § 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). And *Pinholster*'s logic "applies even more clearly to § 2254(d)(2), which contains an explicit textual restriction to evaluate the state court proceeding only 'in light of the evidence presented in the State court proceeding.'" *Landers v. Warden*, 776 F.3d 1288, 1295 (11th

---

⁹ To the extent Weeks may intend to argue that the state postconviction court erred in not holding an evidentiary hearing on his claim, his claim is not cognizable on federal habeas review. See *Carroll*, 574 F.3d at 1365 ("[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment—*i.e.*, the conviction itself—and thus habeas relief is not an appropriate remedy"); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief").

17

Cir. 2015). Weeks has not rebutted the presumption of correctness afforded to the state court's factual finding about the meaning of his change of plea form and whether his plea was knowing and voluntary.

Weeks appears to argue that the state court's decision was unreasonable because it essentially determined that his claim was waived by the change of plea form, even though a claim that counsel's ineffective assistance rendered a petitioner's plea involuntary cannot be waived. See *Tollett*, 411 U.S. at 267; see also *Patel v. United* States, 252 F. App'x 970, 974-75 (11th Cir. 2007) (noting in the context of a 28 U.S.C. § 2255 motion to vacate sentence that other circuits "have concluded that a valid appeal waiver does *not* preclude claims brought pursuant to § 2255 that challenge the validity of the defendant's plea or the appeal waiver based on the ineffective assistance of counsel" and finding that the district court erred in dismissing as barred by the appeal waiver a claim challenging the validity of the guilty plea) (emphasis in original). However, the state court considered Weeks's claim and denied it after finding that the change of plea form he signed addressed advice about his eligibility for gain time. Because Weeks does not show that the factual finding upon which the state court based its denial was unreasonable he is not entitled to relief on Ground Two.

## V. CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Weeks must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Weeks has not made the requisite showing. Finally, because Weeks is not entitled to a COA, he is not entitled to appeal in forma pauperis.

It is therefore **ORDERED** that Weeks's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The **CLERK** is directed to enter judgment against Weeks and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on February 22, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

19